OPINION
Appellants Linda Parsons and Michael Parsons appeal the decision of the Delaware County Court of Common Pleas, which awarded medical expenses to Linda Parsons following a jury trial on their personal injury claims against Appellee Candace Kelley. On March 20, 1996, a late-winter weather front created icy road conditions in parts of Ohio. Late that evening, both appellants closed up the pizza shop they operated together and proceeded to the Kroger grocery store at a shopping plaza on U.S. Route 23. Appellant Michael Parsons drove their vehicle. Appellee likewise decided to make a brief stop at the same store. As appellants waited at the red light at the end of the parking lot's exit drive, following their departure from the store, appellee approached from the rear and began sliding on the ice after applying her brakes. Appellee's 1987 Cadillac then struck appellants' 1985 Oldsmobile Delta 88 in the rear. Visible damage to the vehicles was minimal. All three parties stood outside the cars while insurance information was exchanged. The police were not summoned to the scene. Appellant Michael testified at trial that by the next day he began experiencing pain and swelling in his left foot, which he stated was resting under the brake pedal and essentially became pinched between the pedal and floor as he compressed the pedal with his right foot to avoid having the Oldsmobile pushed into traffic. Appellant Linda also testified to experiencing discomfort by the next day, in her case pain in her back and leg. Each appellant eventually sought medical treatment. Michael obtained the services of Dr. Alex Kushkin, a podiatrist, while Linda sought care from Dr. David Mauk, a chiropractor. Appellants' medical expenses from these providers ultimately totaled $843 and $2,290, respectively. Appellants filed suit against appellee on November 5, 1997. The matter proceeded to jury trial on September 3, 1998. At the close of evidence, appellants moved for a directed verdict on the issue of medical expenses, which the trial court denied. The jury found in favor of appellee regarding Michael's claims, but found in favor of Linda on her claim of $2,290 for medical expenses. In responding to interrogatories, the jury found that Linda was entitled to no further damages. Appellants timely appealed and herein raise the following two Assignments of Error:
 I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT DENIED PLAINTIFFS-APPELLANTS' MOTION FOR DIRECTED VERDICT ON THE ISSUE OF THEIR MEDICAL EXPENSES.
 II. A PERSON CLAIMING DAMAGES AS A RESULT OF INJURIOUS CONDUCT IS ENTITLED TO A NEW TRIAL WHEN A JURY FAILS TO CONSIDER AND MAKE AN AWARD FOR ALL DAMAGES WHICH THE EVIDENCE CLEARLY SUPPORTS. I.
Appellants contend, in their First Assignment of Error, that the trial court erred in denying a directed verdict on the issue of medical expenses. We disagree. We first address the issue of Linda's expenses. The record reflects that the jury awarded Linda the sum of $2,290 in medical expenses, which represented the full amount claimed. Therefore, this assignment of error is moot in regard to her. We thus turn to the issue of Michael's expenses. Civ.R. 50(4) addresses a directed verdict when granted on the evidence and provides: When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.
A trial court does not weigh the evidence nor question the credibility of witnesses when considering a motion for directed verdict. Ruta v. Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66; Blair v. Property Mgmt. Consultants (1987), 40 Ohio App.3d 103. The trial court must determine whether there exists "* * * probative evidence which, if believed, would permit reasonable minds to come to different conclusions as to the essential issue of the case." Sanek v. Duracote Corp. (1989), 43 Ohio St.3d 169,172. In order to defeat a motion for directed verdict, the non-moving party must produce some evidence on each essential element of a claim or "produce evidence of a fact upon which a reasonable inference may be predicated to support such elements." Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 285. It is based on these standards that we review appellants' assignment of error. The record reveals that the amount of Michael's medical bill was not disputed, but we find that the evidence pertaining to the element of causation would have permitted reasonable jurors to reach different conclusions regarding that issue. Of particular note is the fact that Michael's treating physician, Dr. Kushkin, testified via a videotaped deposition that he had operated on a toe on Michael's left foot, the same limb that provided the gravamen of his lawsuit, less than a month prior to the March 1996 accident. In fact, Michael was still under Dr. Kushkin's follow-up care at the time of the accident. Furthermore, several evidentiary inconsistencies were presented to the jury. For example, Michael testified that his foot did not hurt after the accident until he returned home, but then admitted on cross-examination that he had stated differently during deposition. Also, reasonable jurors may have had difficulty accepting Michael's version of the cause of the foot injury. The following exchange took place during appellee's cross-examination of Michael:
 Q. Your right foot was on the brake, but your left foot was under the brake?
A. Right.
 Q. Is that typically how you drive your car, with your left foot under the brake?
A. Yeah, when I want to stretch my legs out.
Q. Stretch your legs out?
 A. Yeah, I've got long legs. When you get into a car, when I get into a car, I like to stretch my legs out.
Q. Just when you first get in, you mean?
A. No, normally, that's how I drive.
 Q. You needed to stretch your legs from the parking spot?
A. I like to get comfortable.
Tr. at 66-67.
As explained in Werth v. Davies (1997), 120 Ohio App.3d 563:
 * * * [A] defendant is not obligated to put on testimony about the cause of an injury or to provide an alternative theory about causation. Defendants can avoid a directed verdict on this subject through cross-examination, presentation of contrary evidence that the negligence was not the probable cause of the injury, or presenting evidence of alternative causes of the injury. Stinson v. England (1994), 69 Ohio St.3d 451, 456-457, 633 N.E.2d 532, 538. Id. at 569. (Emphasis added).
We therefore find no error in the denial of appellants' motion for directed verdict on the issue of medical expenses. Appellants' First Assignment of Error is overruled.
 II.
In their Second Assignment of Error, appellants contend that a new trial is warranted based on the jury's purported failure to award damages clearly supported by the evidence. We disagree. Appellants emphasize the jury's decision not to award damages to Linda for pain and suffering despite granting her compensation for medical bills and request that we order a new trial to remedy the alleged inconsistent verdict. Appellants thus couch this assignment of error in terms of both a manifest-weight argument and an inconsistent or inadequate verdict argument. Addressing the latter argument first, we find significant similarity between the present action and the facts in Woodfork v. Jones (February 21, 1997), Montgomery App. No. 15841, unreported. In Woodfork, the plaintiff appealed from a jury verdict which awarded medical expenses but did not include any damages for pain and suffering. Appellant Woodfork did not raise an objection to any inconsistencies in the verdict prior to the trial court's entry of judgment. The court directed: Had she [appellant] promptly objected, the trial court could have sent the jury back into deliberations with an instruction to reconsider its verdict, both as to the award of medical expenses and the failure to award damages for pain and suffering, since these appear inconsistent. Therefore, the issue is not properly before us. An appellate court need not consider an error which a complaining party could have called, but did not call, to the trial court's attention at a time when the error could have been corrected by the trial court. State v. Williams (1977), 51 Ohio St.2d 112, vacated in part on other grounds, Williams v. Ohio (1978), 438 U.S. 911. Id. at 6.
The record in the case sub judice does not reveal an attempt by appellants to object to the asserted inconsistencies in the verdict at the trial court level. We therefore give no further consideration to this line of argument. Turning to the manifest-weight portion of appellants' position, it has long been held that the weight to be given evidence and the credibility of witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. As long as the trial court's judgment is supported by some competent, credible evidence the decision will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. V. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus. Given Dr. Mauk's statements that the x-ray photographs of Linda showed nothing abnormal, the bulk of her case consisted of her subjective descriptions of her physical state in the period after the accident, as well as the videotaped deposition of Dr. Mauk, who indicated that he often relied on subjective complaints and patient histories in assessing relationships between injuries and accidents. Thus, the issue of pain and suffering in this case became almost exclusively one of credibility for the jury. "* * * [O]n the more subjective matters of pain and suffering and loss of services and consortium, great deference must be given to the jury's assessment of the evidence and the credibility of the witnesses." Fraley v. Jaeger (May 16, 1990), Hamilton App. No. C-880808, unreported, at 3. Moreover, a jury maintains the prerogative to disregard or disbelieve a medical expert's testimony. Reed v. Weaver (June 26, 1995), Stark App. No. 94CA0375, unreported, at 3. The case cited by appellants to support their position, Bailey v. Allberry (1993), 88 Ohio App.3d 432, is clearly distinguishable on its facts. In that case, plaintiff's injuries sustained in an automobile accident, which included a ten-day hospital stay, the necessity of a "halo vest" device attached to plaintiff's skull for over two months, the loss of employment for five months, facial scars and chronic pain, were found to be so inadequately compensated by the jury's award of damages that the result "shock[ed] the sense of justice and fairness." Id. at 435. We are not persuaded that such an injustice resulted from the jury's decision in the case sub judice. The jury's decision is not against the manifest weight of the evidence and does not warrant a new trial as suggested by appellants. Appellants' Second Assignment of Error is overruled.
For the reasons stated in the foregoing, the decision of the Court of Common Pleas, Delaware County, Ohio, is affirmed.
By: Wise, P.J. Gwin, J., and Hoffman, J., concur.